ELIZABETH WINER *vs.* EASTERN AIR LINES, INC.

Essex.   May 5, 1953. — June 30, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Carrier,* Of passengers, Transfer, By airplane. *Negligence,* Carrier. *Proximate Cause.*

On demurrer in an action of tort by a passenger for hire against a carrier by airplane, it was held that a cause of action was stated on the face of a declaration alleging that the defendant "had a duty to use due care in arranging the transportation of the plaintiff" on a journey,

that the defendant "negligently allowed insufficient time for the plaintiff to transfer from" one airport to another "in accordance with arrangements made by" the defendant, and that "as a result of said negligence of the defendant" the plaintiff "tripped and caused herself . . . injury."

TORT. Writ in the Superior Court dated May 7, 1952.

The plaintiff appealed from an order by *Broadhurst,* J., sustaining a demurrer to the declaration.

*Melvin I. Bernstein,* for the plaintiff.

*Richard J. Cotter, Jr.,* for the defendant.

SPALDING, J. The declaration, after stating that the plaintiff was a passenger for hire of the defendant, asserted "that the defendant had a duty to use due care in arranging the transportation of the plaintiff from Miami, Florida, to Boston, Massachusetts; that the defendant negligently allowed insufficient time for the plaintiff to transfer from Idlewild Field in New York, to LaGuardia Field in New York, in accordance with arrangements made by the said defendant; [and] that as a result of said negligence of the defendant . . . the plaintiff, in the exercise of due care, tripped and caused herself serious and permanent injury." The defendant demurred, assigning the following grounds: "1. That the matters contained in the declaration are insufficient in law to enable the plaintiff to maintain . . . [her] action. 2. The declaration does not set forth a cause of action in that the declaration does not state to which division of actions the action belongs. 3. The declaration does not set forth a cause of action in that it does not state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action. 4. The declaration does not set forth a cause of action in that it does not state that any duty of due care owed by the defendant to the plaintiff was violated." The judge below sustained the demurrer and the plaintiff appealed. We shall confine our discussion to the first ground (failure to state a case), as the defendant does not press the other grounds and we are of opinion that they are lacking in merit.

The allegation "that the defendant negligently allowed

insufficient time for the plaintiff to transfer from Idlewild Field in New York, to LaGuardia Field in New York" imports that the transportation contracted for between the parties made that transfer necessary. The question raised by the demurrer, then, is whether on those facts a duty was imposed by law upon the defendant to allow a sufficient time for the plaintiff to transfer between airports. Authority on this point is scanty. Indeed, the only case which has been found bearing directly on the point is *Johnson* v. *West Chester & Philadelphia Railroad,* 70 Pa. 357, 364–366, where the court held that the defendant carrier had a duty to allow a reasonable time for the plaintiff to transfer from the the train of a connecting carrier, and that its failure to do so was actionable negligence in the circumstances. We are of opinion that the imposition of such a duty upon a carrier is not unreasonable. For present purposes it is not necessary to determine the extent of the duty other than to say that it is not an absolute one; obviously the vicissitudes of the weather, especially in the case of airplanes, and possibly other matters beyond the control of the carrier would have to be taken into account.

The declaration states that "as a result of . . . [the defendant's] allowing insufficient time for said transfer, the plaintiff . . . tripped and caused herself serious and permanent injury." The defendant contends, however, that "there is no authority supporting the plaintiff's contention that the tripping of the plaintiff as caused by the arranging of the defendant's schedule meets the ordinary requirements of proximate cause in the law of negligence." That contention is unsound. It is undoubtedly true that there is no liability where the defendant's negligence is causally too remote, *Carroll* v. *Cambridge Electric Light Co.* 312 Mass. 89, 95; or where the evidence does not go far enough to show that the defendant's negligence and the plaintiff's injury were causally related. *Nass* v. *Duxbury,* 327 Mass. 396. Many instances of tripping on the part of the plaintiff can be imagined in circumstances for which the defendant would not be answerable. The declaration, how-

ever, alleges a causal relationship between the defendant's negligence and the plaintiff's injury, and the question of remoteness therefore cannot be considered. We must take this allegation at its face value and cannot assume the presence of some intervening force or event sufficient to break the chain of causation. Whether the plaintiff will be able to sustain by evidence the case made out in the declaration is a matter not to be decided on. demurrer. *Attorney General* v. *Trustees of Boston Elevated Railway*, 319 Mass. 642, 651.

The order sustaining the demurrer is reversed, and an order is to be entered overruling the demurrer.

*So ordered.*